1  **GLOBAL CAPITAL LAW, P.C.**
Gary Harre, Esq.  CBN# 86938
2  8700 Warner Ave, Ste 200
Fountain Valley, CA 92708
3  Telephone: (714) 907-4182
Facsimile: (714) 907-4175
4  Email: ghcmecf@gmail.com

5  Attorney For Debtor, NELSON VO

6

7
                    **UNITED STATES BANKRUPTCY COURT**
8                    **CENTRAL DISTRICT OF CALIFORNIA**
                      **SANTA ANA DIVISION**
9

10

11  In re                                    )  **Case No.  8:10-bk-26258-TA**
                                             )
12                                           )  **CHAPTER 13**
                                             )
13        NELSON VO                          )  **Debtor's Objection to Proof of Claim**
                                             )  **filed by Chase Home Finance, LLC**
14                        Debtor,            )  **as Servicing Agent for Argent**
                                             )  **Mortgage Company, LLC**
15                                           )
                                             )  **Claim Number 6**
16                                           )
                                             )
17                                           )  Judge:    Theodor C. Albert
                                             )  Date:     April 20, 2011
18                                           )  Time:     2:00 PM
                                             )  Place:    Courtroom 5B, 5th Floor
19                                           )
                                             )  411 West Fourth Street
20                                           )  Santa Ana, CA 92701-4593
                                             )
21                                           )
                                             )
22  ─────────────────────────────────────────)

23       Debtor, Nelson Vo, by and through his counsel, files this Objection to

24  Chase Home Finance, LLC, as Servicing Agent To Argent Mortgage Company,

25  LLC's (hereinafter "CHASE") Proof of Claim ( hereinafter "POC"), as filed by the

26  alleged Creditor on December 27, 2010, and again on December 28, 2010, and

27  states the following:

28
                                          1
                Debtor's Objection To Proof Of Claim Filed By Chase Home Finance, LLC,
                     As Servicing Agent For Argent Mortgage Company, LLC.

1.    A security interest in the property of the debtor is claimed, however, CHASE identified itself as servicer to Argent Home Mortgage, LLC, without any supporting document to demonstrate authority as Servicer to act on the behalf of Argent Mortgage Company, LLC to file this instant Proof of Claim.

Despite such unsupported authority, CHASE submitted evidence of such proof by way of an unauthenticated copy of a Note (hereinafter "Note") dated November 22, 2004, purportedly executed by such Debtor to lender Argent Mortgage Company, LLC. Also included was a purported Deed of Trust (hereinafter "DOT") as security interest on the same Debtor without showing any authority to bring this claim; has standing; or that the security interest has been perfected, as required under F.R.B.P. Rule 3001(d) and F.R.B.P. 3002; and is facially defective and does not constitute *prima facie* validity of the claim.

The Proof of Claim does not set forth the creditor's claim with proper specificity pursuant to F.R.B.P. Rule 3001(a) & (c).

WHEREFORE, the Debtor objects to Claim #6, pursuant to F.R.B.P. 3007, as filed by the alleged Chase Home Finance, LLC, as servicing agent for Argent and respectfully requests this Court enter an order to disallow this claim in its entirety.


Dated: 02/15/2011                                      Respectfully Submitted

_____
GARY HARRE, ESQ.
Attorney for Debtor, Nelson Vo

//
//
//
//
//
//

2

Debtor's Objection To Proof Of Claim Filed By Chase Home Finance, LLC,
As Servicing Agent For Argent Mortgage Company, LLC.

**MEMORANDUM IN SUPPORT OF OBJECTION TO
PROOF OF CLAIM OF ARGENT**

Debtor, Nelson Vo, by and through his undersigned counsel, submits this Memorandum in Support of his Objection to Proof of Claim ("POC") filed by Chase Home Finance, LLC, as servicing agent for Argent Mortgage Company, LLC ("Argent"), filed on or about December 28, 2010. (See claims register #6)

## SUMMARY

On or about November 22, 2004, Debtor executed a Promissory Note payable to Argent, specifically for the property located at 60 Bombay St. Irvine, CA 92620.  The security interest is in the form of a Deed of Trust and it named Argent Mortgage Company, LLC as Beneficiary and Lender.

According to records available from the California Secretary of State, Argent Mortgage Company, LLC, is considered active under California LLC entity number 200123210148, and their address is 2677 N. Main St., Santa Ana, CA 92705.  Argent's POC has indicated that their secured interest is in the amount of $758,409.93, but there is no accurate accounting and basis as to how Argent arrived at such an amount, or even how their indicated interest rate was determined. Pursuant to 11 U.S.C. 502 (a), Debtor objects to Argent's POC as to the claim amount. Additionally, any arrearages, if any, are not accurately itemized, nor does the POC reflect any itemized fees, current monthly payment owed, along with an accurate interest rate from which to base any payments owed. Argent's POC is so devoid of detail that this Court must consider it unenforceable against Nelson Vo.

A number of documents were filed in the Los Angeles County Recorder's Office, however the Promissory Note, which Debtor has not seen since it was executed, contained an endorsement from Argent to Ameriquest and then another endorsement in blank from Ameriquest to ?. (see Note attached as Exhibit "A" to creditors Proof of Claim #6-1).

3

1

2

### LEGAL STANDARD GOVERNING PROOF OF CLAIM

3

4

11 U.S.C. §§ 501 and 502 and the Federal Rules of Bankruptcy
Procedure ("FRBP" or "Bankruptcy Rules") 3001, 3002, 3003, 3005, 3006, 3007

5

6

and 3008 govern the way in which creditors and equity security holders present
their claims or interests to the bankruptcy court, and provide the guidelines

7

within which such claims are allowed or disallowed in the bankruptcy

8

proceeding. If a Proof of Claim is filed, it supersedes the amount scheduled by
the debtor.   In re Carraway Methodist Health Systems, 2008 WL 2937781

9

(Bankr. N.D. Ala. 2008).   If, however, the Proof of Claim is subsequently

10

disallowed because it was not timely filed, the scheduled claim will be

11

reinstated for purposes of distribution.

12

Creditors filing a Proof of Claim based on a writing must attach either the

13

original, or a copy, of the writing. Rule 3001(c). In re Stauder, 396 B.R. 609

14

(Bankr. M.D. Pa. 2008) (when the claim does not attach the documentation

15

required by Bankruptcy Rule 3001(c) the claim cannot serve as prima facie

16

proof of its validity); In re Rogers, 391 B.R. 317 (M.D. La. 2008); In re

17

Brooks, 2008 WL 2993948 (Bankr. E.D. Pa. 2008); In re Reyna, 2008 WL

18

2961973 (Bankr. W.D. Tex. 2008).   If the claim includes pre-petition interest,

19

attorneys' fees, or other charges, a statement providing a breakdown of the

20

elements of the claim is required.

21

A Proof of Claim filed in conformity with these rules constitutes

22

*prima facie* evidence of the validity of the claim. Rule 3001(f).   Claims not filed

23

in accordance with the Rules are not entitled to the presumption[1].   Claimant

24

_____

25

[1] Long line of authorities is available. In re Jacobsen, 2009 WL 1577992 (E.D. Tex. 2009); In re
Vasquez, 2008 WL 4425304 (S.D. Ga. 2008); In re Tracey, 394 B.R. 635 (B.A.P. 1st Cir. 2008); In

26

re Melillo, 392 B.R. 1 (B.A.P. 1st Cir. 2008): In re Wells, 407 B.R. 873 (Bankr. N.D. Ohio 2009);
In re Hess, 404 B.R. 747 (Bankr. S.D.N.Y. 2009); In re Tammarine, 405 B.R. 465 (Bankr. N.D.

27

Ohio 2009); In re Regan, 2009 WL 1067197 (Bankr. D. Mass. 2009); In re Transcapital
Financial Corp., 2009 WL 1116842 (Bankr. S.D. Fla. 2009); In re Keefer, 2009 WL 1587593

28

(Bankr. N.D. Ohio 2009); In re Freeman, 2009 WL 1107916 (Bankr. W.D. Pa. 2009); In re

4

Debtor's Objection To Proof Of Claim Filed By Chase Home Finance, LLC,
As Servicing Agent For Argent Mortgage Company, LLC.

must prove by preponderance of the evidence that the claim is valid.  The claimant bears the ultimate burden of persuasion[2].

In this case, Argent asserted in its POC that the amount of secured claim is $758,409.93; yet there is not enough detailed information or basis provided as to how such an amount is calculated or even how the interest rate referred to was authorized.  Furthermore, Argent attached a copy of the Promissory Note, yet there are no declarations as to whether such copy is a true copy of the original.  There is clear inference that the copy of the Promissory Note is not a true original, this inference was not overcome by a declaration.

Therefore, Argent's POC does not satisfy the requirements of Rule 3001(c) and thus, not *prima facie* evidence of a claim and must be disallowed.

---

Cramer, 406 B.R. 267  (Bankr. M.D. Pa. 2009);  In re Peterson, 2009 WL 994945  (Bankr.  N. D. Ill. 2009);  In re Pettingill, 403 B.R. 624  (Bankr. E.D. Ark. 2009);  In re King, 2009 WL 960766 (Bankr.  E.D.Va.  2009);  In re Waston, 402 B.R. 294  (Bankr.  N.D. Ind.  2009);  In re Nixon, 400 B.R.  27 (Bankr.  E.D.  Pa.  2008);  In re Day,  2008 WL 5191683  (Bankr.  D.N.M. 2008); In re Plastech, 399 B.R. 1 (Bankr. E.D. Mich. 2008); In re Charlton, 2008 WL 5539789 (Bankr. D. Kan. 2008): In re Plourde, 397 B.R.  207 (Bankr. D.N.H. 2008);  In re Massaquoi, 2008 WL 4861513 (Bankr. E.D. Pa. 2008); In re Lundberg, 2008 WL 4829846 (Bankr. D. Conn. 2008);  In re  Briana,  2008 WL 4833083 (Bankr.  D.  Mass.  2008);  In re  Fleming,  2008 WL 4736269 (Bankr. E.D. Va. 2008); In re Taylor, 2008 WL 4723364 (Bankr. D. Mont. 2008); In re Jones, 2008 WL 4539486 (Bankr. D. Mass. 2008); In re Taylor, 2008 WL 4286500 (Bankr. D. Mont. 2008); In re Simpson, 2008 WL 4216317 (Bankr. N.D. Ala. 2008); In re Rose, 2008 WL 4205364  (Bankr. E.D. Tenn.  2008);  In re Hayes,  393 B.R.  259  (Bankr. D. Mass.  2008);  In re Purney, 2008 WL 3876130  (Bankr. N.D. Ohio 2008);  In re Hight, 393 B.R. 484 (Bankr. S.D. Tex. 2008);  In re Prevo, 394 B.R. 847  (Bankr. S.D. Tex. 2008);  In re Ginko Associates, L.P., 2008 WL 3200713 (Bankr. E.D. Pa. 2008); In re Dugar, 392 B.R. 745 (Bankr. N. D. Ill. 2008); In re Samson, 392 B.R. 724 (Bankr. N.D. Ohio 2008); In re Rouse, 2008 WL 2986281 (Bankr. M.D.N.C. 2008);  In re Reyna, 2008 WL 2961973  (Bankr. W.D. Tex. 2008);  In re Rogers, 391 B.R. 317 (Bankr. M.D. La 2008); In re Dorway, 2008 WL 5111882 (Bankr. S.D. Fla. 2008); In re Owens, 2008 WL  2937855 (Bankr. D. Dist. Col. 2008);  In re Owens,  2008 WL  2705199 (Bankr. D. Dist. Col. 2008)

[2] In re Baggett Brothers Farm, Inc., 2008 WL 3979493 (N.D. Fla. 2008); In re Depugh, 2009 WL 1657473  (Bankr. S.D. Tex. 2009);  In re Shafer, 2009 WL 1241307  (Bankr. E.D. N.C. 2009): In re Cordier, 2009 WL 890604  (Bankr. D. Conn. 2009);  In re Briana, 2008 WL  4833083 (Bankr.  D.  Mass.  2008);  In re  Baltimore  Emergency  Services II,  2008  WL 4596619 (Bankr. D. Md. 2008);  In re Cleveland, 396 B.R. 83  (Bankr. N.D. Okla. 2008);  In re Miller, 394 B.R. 114 (Bankr. D. S.C. 2008); In re Ealy, 392 B.R. 408 (Bankr. E.D. Ark. 2008); In re Simon, 2008 WL 2953471 (Bankr. E.D. Va. 2008); In re Agway, Inc. 2008 WL 2827439 (Bankr. N.D.N.Y. 2008);  In re Reading Broadcasting  Inc., 2008 WL 2705547 (Bankr. E.D. Pa. 2008); In re Young, 390 B.R. 480 (Bankr. D. Me. 2008).

Debtor's Objection To Proof Of Claim Filed By Chase Home Finance, LLC,
As Servicing Agent For Argent Mortgage Company, LLC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CHASE HOME FINANCE, LLC AS SERVICING AGENT TO ARGENT
MORTGAGE COMPANY, LLC DOES NOT HAVE LEGAL STANDING TO BRING
THIS PROOF OF CLAIM AS CREDITOR.**

The Promissory Note was made payable to Argent Mortgage Company,
LLC.  Evidence as produced to support Argent's POC did not indicate that the
promissory had been endorsed back to Argent or any other named entity.  The
Deed of Trust states that Argent is the Lender, and Beneficiary.  No recorded
document suggests that Argent transferred its beneficial interest to Chase
Home Finance, LLC.  Transfer of a mortgage paper may be made outright (sale)
or by pledge (as security for a loan to the transferor).  In either event, to perfect
the transfer, the transferor should physically deliver the Note to the transferee.
A servicer's standing is in certain situations premised on its being authorized to
take action on the owner's behalf.  As such, a party who is the servicer of a
mortgage loan must, in addition to establishing the rights of the holder, identify
itself as an authorized agent for the holder.  See In re Maisal, 378 B.R. at 22
(quoting In re Parrish, 326 B.R. 708, 720 (Bankr. N.D. Ohio 2005).  This can
often be done by introducing the Servicing Agreement which includes
authorization within its provisions or a power of attorney authorizing the
servicer's actions.  If servicing authority is found in a Servicing Agreement
related to a mortgage security trust, the servicer must show that the mortgage
is part of the trust.  See In re Jones, 2008 WL 4539486 at *5 (Bankr. D. Mass.
Oct. 3, 2008) (Servicing Agreement was missing the exhibit detailing which
loans were in the Trust, which led to finding that servicer lacked standing).

Here, there is no evidence whatsoever supporting CHASE's authority
to file this Proof of Claim.  There is no attached Pooling and Servicing
Agreement (herein after known as "PSA") which identifies that CHASE is the
servicing agent for Argent Mortgage Company, LLC.  Assuming *arguendo* that

6

Debtor's Objection To Proof Of Claim Filed By Chase Home Finance, LLC,
As Servicing Agent For Argent Mortgage Company, LLC.

CHASE is the servicer of this subject loan, there is no notice of change in servicer as required under RESPA, and there is no documentation or amendment identifying CHASE as the newly appointed party as servicer.

As a result, without a physical transfer, a sale of the Note could be invalidated as a fraudulent conveyance (under California Civil Code § 3440), and a transfer in pledge could be invalidated as an unperfected document (under Com.Code §§ 9313-9314). (California Mortgages and Deed of Trust, and Foreclosure Litigation, by Roger Bernhardt, Fourth Edition, section 1.26). One without a pecuniary interest in the Mortgage Loan is not an obligee under the debt and, thus, has no legal standing to foreclose *ab initio*. (Watkins v. Bryant (1891) 91 C 492, 27 P 77).

The Note is not a bearer instrument, but is an instrument payable to a specifically identified person. California Com. Code section 3109 states:

(a) A promise or order is payable to bearer if it is any of the following:
   (1) States that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment.
   (2) Does not state a payee.
   (3) States that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.

(b) A promise or order that is not payable to bearer is payable to order if it is payable (1) to the order of an identified person or (2) to an identified person or order. A promise or order that is payable to order is payable to the identified person.

(c) An instrument payable to bearer may become payable to an identified person if it is specially indorsed pursuant to subdivision (a) of Section 3205. An instrument payable to an identified person may become payable to bearer if it is indorsed in blank pursuant to subdivision (b) of Section 3205.

A Promissory Note that is payable to a specifically indentified person is not

Debtor's Objection To Proof Of Claim Filed By Chase Home Finance, LLC,
As Servicing Agent For Argent Mortgage Company, LLC.

transferred merely by possession; instead, transfer requires that it be endorsed.

California Com.Code 3201 states:

> (a)  "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.

> (b)  Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder.  If an instrument is payable to a bearer, it may be negotiated by transfer of possession alone.

An endorsement is not made by purchasing a Note, or by purchasing a debt, or by an assignment, instead, an endorsement is made by the signature of the specifically identified person to whom the Note is owed.  California Com. Code section 3204 states:

> (a)  "Endorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (1) negotiating the instrument, (2) restricting payment of the instrument, or (3) incurring endorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an endorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than endorsement.  For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument.

> (b)  "Endorser" means a person who makes an endorsement.

> (c)  For the purpose of determining whether the transferee of an instrument is a holder, an endorsement that transfers a security interest in the instrument is effective as an unqualified endorsement of the instrument.

> (d)  If an instrument is payable to a holder under a name that is not the name of the holder, endorsement may be made by the holder in the name stated in the instrument or in the holder's name or both, but signature in both names may be required by a person paying or taking the instrument for value or collection.

Debtor's Objection To Proof Of Claim Filed By Chase Home Finance, LLC,
As Servicing Agent For Argent Mortgage Company, LLC.

If one bought a note and intends to enforce it, but the note does not carry the endorsement of the payee, that person can bring action in court to specifically enforce the right to an endorsement.  Then, once that is done, the creditor can enforce the note against its maker.

California Com.Code section 3203 states:

(a)     An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.

(b)     Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument.

(c)     Unless otherwise agreed, if an instrument is transferred for value and the transferee does not become a holder because of lack of endorsement by the transferor, the transferee has a specifically enforceable right to the unqualified endorsement of the transferor, but negotiation of the instrument does not occur until the endorsement is made.

(d)      If a transferor purports to transfer less than the entire instrument, negotiation of the instrument does not occur.  The transferee obtains no rights under this division and has only the rights of a partial assignee.

In similar context with Stay-relief requests, which are governed by Fed. R. Bankr. P. 4001(a)(1), to which Fed. R. Bankr. P. 9014 is applicable.  Rule 9014, in turn, incorporates Rule 7017, which makes Fed. R. Bankr. P. 17 applicable ("[a]n action must be prosecuted in the name of the real party in interest.";)  The standing doctrine "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." Kowalski v. Tesmer, 543 U.S. 125, 128-29, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004) (quoting Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct 2197, 45 L.Ed.2d 343 (1975)).  Constitutional

Debtor's Objection To Proof Of Claim Filed By Chase Home Finance, LLC,
As Servicing Agent For Argent Mortgage Company, LLC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

standing under Article III requires, at a minimum, that a party must have suffered some actual or threatened injury as a result of the defendant's conduct, that the injury be traced to the challenged action, and that it is likely to be redressed by a favorable decision.  (Valley Forge Christian Coll. v. Am. United for Separation of Church and State, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (citations and internal quotations omitted)).  Beyond the Article III requirements of injury in fact, causation, and redressibility, the creditor must also have prudential standing, which is a judicially-created set of principles that places limits on the class of persons who may invoke the courts' powers.  (Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct 2197, 45 L.Ed.2d 343 (1975)).  As a prudential matter, a plaintiff must assert "his own legal interests as the real party in interest".  (Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir.2004), as found in Fed.R.Civ.P. 17, which provides "[a]n action must be prosecuted in the name of real party in interest.")

In re Mitchell, Case No. BK-S-07-16226-LBR (Bankr.Nev. 3/13/2009)(at page 10) the Court found that "MERS does not have standing merely because it is the alleged beneficiary under the Deed of Trust.  It is not a beneficiary and, in any event, the mere fact that an entity is a named beneficiary of a deed of trust is insufficient to enforce the obligation."  In In re Maisel, the Bankruptcy Court for the District of Massachusetts found that a lender did not have standing to seek relief from the automatic stay because it did not have an interest in the property at the time it filed its motion for relief.  378 B.R. 19, 22 (2007).

"Where the mortgagee has 'transferred' only the mortgage, the transaction is a nullity and his 'assignee', having received no interest in the underlying debt or obligation, has a worthless piece of paper." (4 RICHARD R. POWELL, POWELL ON REAL PROPERTY, § 37.27[2](2000).

In re Walker, Case No. 10-21656-LBR (Bankr.E.D. Cal. 7/8/2010) Citibank

10

Debtor's Objection To Proof Of Claim Filed By Chase Home Finance, LLC,
As Servicing Agent For Argent Mortgage Company, LLC.

filed its Proof of Claim as servicer.  The Court found that "Under California law,
to perfect the transfer of mortgage paper as collateral, the owner should
physically deliver the Note to the transferee.  Bear v. Golden Plan of California,
Inc., 829 F.2d 705, 709 (9th Cir. 1986).  Without physical transfer, the sale of the
Note could be invalidated as a fraudulent conveyance, Cal. Civ. Code §3440, or
as unperfected, Cal. Com. Code §§ 9913-9214.  Further, several courts have
acknowledged that MERS is not the owner of the underlying Note and therefore
could not transfer the Note, the beneficial interest in the Deed of Trust, or
foreclose upon the property secured by the deed."

     In re Fawn Ridge Partners, LP, BAP No. CC-09-1396 (Bankr.C.D. Cal.
3/29/2010), the Court denied Motion for Relief from Stay brought by BAC Home
Loans Servicing, LP as servicer based on standing.  The Court states that "The
issue of standing involves both "constitutional limitations on federal court
jurisdiction and prudential limitations on its exercise." Warth v. Seldin, 422 U.S.
490, 498 (1975). Constitutional standing concerns whether the plaintiff's
personal stake in the lawsuit is sufficient to have a "case or controversy" to which
the federal judicial power may extend under the Constitution's Article III. Id. at
498-99; Pershing Park Villas, 219 F.3d at 899; Lujan v. Defenders of Wildlife,
504 U.S. 555, 559-60 (1992)." ... "Mere possession of the Note does not make
BAC a "holder" of the Note. Under California law, to qualify as a holder, one must
be in possession of the instrument, and the instrument must be properly
endorsed. Cal. Comm. Code ("CComC") § 1201(21); In re Hwang, 396 B.R. at 762.
Although the payee of an instrument may negotiate it, the payee must endorse it
as well as deliver it to another person, who then can become its holder. CComC §
3201, 1201(21)(A). There is no evidence in the record that Countrywide indorsed
the Note and transferred it to BAC (or to Bank of America). Thus, mere
possession of the Note and Deed of Trust does not provide BAC with standing."

Debtor's Objection To Proof Of Claim Filed By Chase Home Finance, LLC,
As Servicing Agent For Argent Mortgage Company, LLC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Chase Home Finance, LLC's lack of ownership of the mortgage and Promissory Note in this case, which goes to the very heart of any claim of standing, permeates the entire proceeding and subverts the integrity of the case. Chase Home Finance, LLC makes no assertions that it possesses the original Promissory Note. Instead, Chase Home Finance, LLC, seeks to enforce their third party rights and thus Chase Home Finance, LLC, cannot bring this claim without properly identifying direct injury or threat of injury to itself or by joining a real party in interest.

A party seeking to file a claim in any Federal Court "bears the burden of demonstrating standing and must plead its components with specificity." Coyne v. American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999). Moreover, In re Nosek, 386 B.R. 374,380 (Bankr.D. Mass.2008) The Court discussed the misbehavior in bankruptcy mortgage claims and noted that parties who do not hold the Note or Deed of Trust do not have standing to pursue motions or claims. In fact, on January 28, 2011, the Honorable Miami-Dade Circuit Court Judge Maxine Cohen Lando held in Central Mortgage Company v. Eduardo Gonzalez Del Real, Case No: 09-4075 CA 01, that assignments of mortgages involving Argent Mortgage Company LLC, are complete shams and their introductions are considered a Fraud upon the Court under Florida Rules of Civil Procure 1.540 (b).

If Chase Home Finance, LLC, or Argent, are actually secured creditors, it must provide direct proof that they are the real parties in interest.  It is not uncommon in the bankruptcy context to see a POC like Chase Home Finance, LLC, however, debtor contends that both Chase Home Finance, LLC and Argent Mortgage Company, LLC are not a "party in interest". Therefore, Chase Home Finance, LLC, or Argent, are not real parties in interest in this bankruptcy and are not the beneficiaries of the Note and have no standing to file a Proof of Claim

12

in this case.  Hence, their Proof of Claim must be disallowed and expunged.

BEST EVIDENCE RULE

F.R.E. 1002 and 1004 provides that to prove the content of a writing, the original is required. Movant is hereby put on notice that all originals in the possession of opponent will be the subject of strict proof and if Movant does not produce the original, all duplicates shall be considered inadmissible. In re Mullins 125 B.R. 808,811 (Bankr. E.D. Cal. 1990), the Court held that a photocopy of a faxed loan agreement which bore the original signature of the debtor was a duplicate, and not the original document, and was inadmissible to prove the debtor's lack of equity, even though there existed no "original" document signed by the debtor.  Under F.R.E. 1003, provides that duplicates can be admissible unless there is a question of authenticity and or under the circumstance it would be unfair to admit the duplicate in lieu of the original. Given the debtor's serious questions as to the Note being endorsed to someone else, debtor hereby objects to Movant's submission of duplicates.

CONCLUSION

The documents in the record before this Court speak for themselves. CHASE has not established standing as a "creditor" within the meaning of the Bankruptcy Code, therefore CHASE lacks standing to file a Proof of Claim, or to object to confirmation. CHASE is an unauthorized party and cannot file this Proof of Claim since CHASE does not have standing as agent for Argent Mortgage Company, LLC.

CHASE's blatant action is in total disregard of the law and is a fraud upon this Court and Debtor prays that this Court impose sanctions against CHASE and the law firm that filed these documents.  The integrity of the bankruptcy system must be protected and the Debtor reserves his rights to bring such other and further actions against the creditor and the law firm in this case, as may be

13

Debtor's Objection To Proof Of Claim Filed By Chase Home Finance, LLC,
As Servicing Agent For Argent Mortgage Company, LLC.

1  appropriate.

2        WHEREFORE, for the reasons set forth herein, the debtor requests that

3  this Court DENY and EXPUNGE the Proof of Claim filed by CHASE as servicing

4  agent for Argent Mortgage Company, LLC.  Furthermore, Debtor requests this

5  Court set an Order to Show Cause why sanctions should not be imposed against

6  CHASE and its attorneys, Alvarado & Associates, LLP, and Steven M. Lawrence

7  (Claim #6).

8

9  DATED: 02/15/2011                          Respectfully Submitted;

10

11

12  _____
    Gary Harre, Esq.  CBN# 86938
13  Attorney for Debtor, Nelson Vo

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    14
        Debtor's Objection To Proof Of Claim Filed By Chase Home Finance, LLC,
              As Servicing Agent For Argent Mortgage Company, LLC.